HEARD NOVEMBER TERM, 1877.

## PARKER & CO. *vs.* GRIMES & CO.

A judgment rendered against a defendant residing in another County is not void for want of jurisdiction.

The defendant should resort to the remedy prescribed by Section 149 of the Code.

A motion to change the *venue* is ordinarily within the discretion of the Circuit Court, but where a question of jurisdiction is involved the decision is appealable.

Section 149 of the Code is not repealed by the Act of March 17, 1875.

BEFORE REED, J., AT CHARLESTON, JUNE TERM, 1877.

This was an action by James H. Parker & Co. against P. C. Grimes & Co. The case is fully stated in the opinion of the Court.

*Mordecai,* for appellant.

*Todd & Ferguson,* contra.

March 9, 1878. The opinion of the Court was delivered by

McIVER, A. J. In this case the plaintiffs, who are residents of the County of Charleston, duly recovered a judgment by default in the Court of Common Pleas for that County against the defendants, who are alleged to be residents of Laurens County. After the judgment had been entered and transcript thereof sent to Laurens County and execution issued thereon, a motion was made before the Judge who rendered it to set it aside " on the ground of want of jurisdiction for non-residence of defendants in Charleston County." The motion was based upon the affidavit of one of the attorneys for the defendants, and was resisted upon an affidavit of the attorney for the plaintiffs and the certificate of the Clerk of the Court for Charleston County. The affidavit of the attorney for the defendants was to the effect that within twenty days after the service of the complaint he notified the attorney for the plaintiffs that the firm to which he belonged had been retained for the defense, and at the same time demanded that the venue be changed from the County of Charleston to the County of Laurens, where the defendants resided, such notification and demand having been forwarded by mail to the plaintiffs' attorney. The affidavit of the attorney for the plaintiffs was to the effect that no such demand was ever received by him, and the certificate of the Clerk was to the effect that no demand to change the venue had ever been filed

in his office, and that no order of Court changing the venue had ever been made.

The Circuit Judge granted the motion, and, although no reasons are given, we are bound to assume that it was granted solely upon the ground of a want of jurisdiction, inasmuch as the notice of the motion is based solely upon that ground, and the affidavit of the defendants' attorney discloses no other basis for the motion than the fact that the defendants were not residents of the County in which the judgment was rendered. It cannot be regarded as a motion, under Section 197 of the Code of Procedure, to be relieved from a judgment taken against a party through " his mistake, inadvertence, surprise or excusable neglect," for nothing of the kind is suggested, and there is no affidavit of merits in the defense, which would be not only proper but necessary in such a case. While it may be true that the decision of the Circuit Court upon a motion to change the place of trial is not, ordinarily, appealable, ( Grover vs. Thomson, 6 S. C., 313,) yet where a jurisdictional question is involved it would seem from that case that such a decision is a proper subject for review in this Court. So that even if this were a motion to change the place of trial involving solely a question of jurisdiction, this Court would have jurisdiction to review it. Much more, then, is it reviewable here when the motion is not to change the place of trial but to set aside the judgment of the Court of Common Pleas upon the ground of a want of jurisdiction in that Court.

The question, then, whether the decision of the Circuit Judge, that the judgment in this case should be set aside for want of jurisdiction in the Court which rendered it, is correct, is open for us to consider. Section 149 of the Code of Procedure distinctly provides that " if the County designated in the complaint be not the proper County the action may, notwithstanding, be tried therein, unless the defendant, before the time for answering expires, demand in writing that the trial be had in the proper County, and the place of trial be, therefore, changed by consent of parties or by order of the Court, as is provided in this Section," &c. From the terms of this Section it is very clear that the Court had jurisdiction, (for the terms " the action may, notwithstanding, be tried therein," can mean nothing else,) unless the defendant, within the time specified, had not only made the demand in writing for the change of the place of

trial, but also obtained either the consent of the parties or an order of the Court for such change. A mere demand by itself was not sufficient, but it must be followed up either by obtaining the consent of the parties or the order of the Court; otherwise a party who was not entitled to have the place of trial changed might, by merely making the demand, obtain that to which he was not entitled; hence the necessity of a compliance with all the requirements of the statute. In this case it is manifest that this was not done, for, even granting that a proper demand was made, there is no pretense that any consent of parties was obtained, and, so far from there being any evidence that there was any order of Court to change the place of trial, the evidence shows distinctly that there was no such order. It is suggested, however, that Section 149 of the Code has been repealed by the Act of 17th March, 1875.—15 Stat., 913. It is very certain that this Act does not expressly repeal that Section, for it makes no allusion to it whatever. On the contrary, by its title, as well as by the language used in the body of the Act, it refers *solely* to Section 148, and purports to change that and nothing else. We are unable to see any ground whatever for supposing that it repeals or in any way alters the provisions of Section 149, as it is no more inconsistent with the provisions of that Section than Section 148 as it originally stood was. The Court, therefore, which rendered the judgment in question unquestionably had jurisdiction, and the Circuit Judge erred in deciding otherwise. It will be observed that we have been careful to confine our decision to the jurisdictional question, because in granting the motion in this case we desire to do so without prejudice to the right of the defendants, if they can make it appear that they have a meritorious defense to apply to the Circuit Court on a proper showing, to be relieved from the judgment, either under the provisions of Section 197 of the Code of Procedure or under Sections 2 and 3 of Chapter CV of the General Statutes, as they may be advised.

Motion granted.

*Willard,* C. J., and *Haskell,* A. J., concurred.